# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUSEBIO CASTILLO, also known as Flaco,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-706-12

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eusebio Castillo appeals the sentence for his conviction under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d). He argues that the district court clearly erred in determining his Sentencing Guidelines insofar as it found that his "relevant conduct," *see* U.S.S.G. § 1B1.3, included drug amounts possessed or distributed by other co-conspirators.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40746

We review a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). In the case of a jointly undertaken criminal endeavor, relevant conduct extends to the acts of others, so long as those acts were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." § 1B1.3(a)(1)(B). Under the circumstances here, where Castillo (1) was directly part of a drug transaction, (2) became a prospective member of the Texas Mexican Mafia (TMM), which generally included training and resulted in access to more information about the organization's criminal activities, and (3) had "taken care of other jobs" for the TMM, a reasonable inference arises that he agreed, implicitly or explicitly, to be involved in the entirety of the TMM drug conspiracy as of early April 2014. *See United States v. Cooper*, 274 F.3d 230, 241–43 (5th Cir. 2001) (holding that the district court did not clearly err in sentencing a defendant based on the drug amount attributable to the entire time period of the conspiracy, even though he was not a "regular" seller in the conspiracy and was incarcerated during part of it); *United States v. Gadison*, 8 F.3d 186, 197 (5th Cir. 1993) (concluding that the defendant's transportation of cocaine on two occasions supported a fair inference that the defendant agreed to the broader drug distribution conspiracy); *see also United States v. Fierro*, 38 F.3d 761, 773 (5th Cir. 1994) (the district court, when sentencing a defendant for a drug offense, may consider the quantity of drugs actually seized or charged as well as amounts that were part of a common plan of distribution, were reasonably foreseeable, and were part of the illegal activity the defendant joined).

No. 17-40746

Because the record plausibly supports that Castillo could be held accountable for all drug quantities involved in the conspiracy from that time forward, Castillo has shown no clear error. *See Torres-Hernandez*, 843 F.3d at 207; *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015) ("There is no clear error if the sentencing court's finding is plausible in light of the record as a whole.").

AFFIRMED.